Leo GLASSCOE and Leroy Davis, Appellants,

v.

Arthur HOWELL, Appellee.

No. 20040.

United States Court of Appeals, Eighth Circuit.

Aug. 12, 1970.

Stephen A. Matthews, of Bridges, Young, Matthews & Davis, Pine Bluff, Ark., A. E. Raff, Jr., David Solomon, Helena, Ark., for appellants.

Dennis Baker, Batesville, Miss., for appellee; Sileas H. Brewer, Jr., of Mc-Math, Leatherman, Woods & Youngdahl, Little Rock, Ark., on the brief.

Before MATTHES, Chief Judge, and HEANEY and BRIGHT, Circuit Judges.

PER CURIAM.

The single question presented in this appeal is whether the appellee's action is barred under Arkansas' one-year statute of limitations which applies to actions for false imprisonment and assault and battery. The District Court for the Eastern District of Arkansas held that the appellee's action was not barred. We affirm.

On May 22, 1968, the appellee instituted this action under 42 U.S.C. § 1983 alleging that the appellant police officers deprived him of his civil rights. Specifically, he complained that he was asleep in his car on September 3, 1966, when the appellants wrongfully placed him in custody, that the appellants used unnecessary force and violence against him rendering him unconscious, and that the appellants' beatings necessitated his confinement in a hospital for extensive treatment.

The statute under which this action was brought, 42 U.S.C. § 1983, does not provide for any period as a statute of limitations. In this situation, it is clear that we must look to the statute of limitations which Arkansas would enforce had this action been brought in a state court. O'Sullivan v. Felix, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914). It is conceded here that Arkansas has no statute of limitations directly applicable to an action for deprivation of civil rights. The question here then is simply to determine which Arkansas statute of limitations is most appropriate here.

The appellants argue that the applicable statute is Ark.Stat. 37–201 which provides for a one-year limitation in an action for assault and battery or for false imprisonment. They contend that statute should apply here since the gravamen of the appellee's complaint is that he was injured and damaged as a result of an assault and battery.

The appellee argues that the applicable statute is Ark.Stat. 37–206 which provides for a three-year limitation in actions "founded on any contract or liability, express or implied." The appellee contends, in the alternative, that the general statute of limitations, Ark.Stat. 37–213, providing for a limitation of five years should apply.

The courts have divided on this question. See, Annot. 98 A.L.R.2d 1160 (1964); A Limitation on Actions for Deprivation of Federal Rights, 68 Col.L. Rev. 763 (1968). It has been held that the applicable statute of limitations is that for actions for specific common law torts, Mulligan v. Schlachter, 389 F.2d 231 (6th Cir. 1968); Mohler v. Miller, 235 F.2d 153 (6th Cir. 1956). Other courts have held that the applica-

ble statute is for actions based upon a liability created by statute. Swan v. Board of Education of City of New York, 319 F.2d 56 (2nd Cir. 1963); Smith v. Cremins, 308 F.2d 187 (9th Cir. 1962); Bomar v. Keyes, 162 F.2d 136 (2nd Cir.), cert. denied, 332 U.S. 825, 68 S.Ct. 166, 92 L.Ed. 400 (1947); Beyer v. Werner, 299 F.Supp. 967 (E.D.N.Y.1969); McIver v. Russell, 264 F.Supp. 22 (D.Md. 1967); Beauregard v. Wingard, 230 F. Supp. 167 (S.D.Cal.1964). Yet other courts have applied a general statute of limitations, Crawford v. Zeitler, 326 F.2d 119 (6th Cir. 1964); Wakat v. Harlib, 253 F.2d 59 (7th Cir. 1958); Contract Buyers League v. F&F Investment, 300 F.Supp. 210 (N.D.Ill.1969).

We do not feel that the appellee's action here can be narrowly characterized as merely an action for assault and battery. The United States Supreme Court has made it clear that an action commenced under 42 U.S.C. § 1983 alleging a deprivation of federal constitutional rights under color of state authority is a broad statutory remedy provided for by Congress. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Although such a remedy may also exist at common law, there is an apparent distinction. The Ninth Circuit, in Smith v. Cremins, *supra,* 308 F.2d at 190, explained this distinction:

"Section 1983 of the Civil Rights Act clearly creates rights and imposes obligations different from any which would exist at common law in the absence of statute. A given state of facts may of course give rise to a cause of action in common-law tort as well as to a cause of action under Section 1983, but the elements of the two are not the same. The elements of an action under Section 1983 are (1) the denial under color of state law (2) of a right secured by the Constitution and laws of the United States. Neither of these elements would be required to make out a cause of action in common-law tort; both might be present without creating common-law tort liability. As Mr. Justice Harlan recently suggested, 'a deprivation of a constitutional right is significantly different from and more serious than a violation of a state right and therefore deserves a different remedy even though the same act may constitute both a state tort and the deprivation of a constitutional right.'"

We feel that the applicable statute of limitations here is either: (1) the three-year limitation for actions "founded on any contract or liability," which has been construed by the Arkansas courts to cover actions based upon a liability created by statute, McDonald v. Mueller, 123 Ark. 226, 183 S.W. 751 (1916); Zimmerman v. W & S Fire Insurance Company, 121 Ark. 408, 181 S.W. 283 (1915); Nebraska National Bank v. Walsh, 68 Ark. 433, 59 S.W. 952 (1900); or (2) the five-year general statute of limitations. It is unnecessary for us to determine which of these two statutes is applicable since the action was instituted within the statutory period of both statutes.

Affirmed.