**Francis J. SAVAGE, Appellant,**

v.

**UNITED STATES of America et al.,
Appellees.**

**No. 71–1188.**

United States Court of Appeals,
Eighth Circuit.

Nov. 4, 1971.

Francis J. Savage, pro se.

Stephen G. Palmer, Asst. U. S. Atty.,
Minneapolis, Minn., made argument for
appellee, United States.

Russell C. Brown, Asst. Atty. Gen., St.
Paul, Minn., made argument for appellee, State of Minnesota.

Robert G. Renner, U. S. Atty. for the
District of Minnesota, Minneapolis,
Minn., for appellees, United States,
Miles W. Lord and Hartley Nordin.

Warren Spannaus, Atty. Gen., John
M. Mason, Sol. Gen., St. Paul, Minn., for
appellees State of Minnesota, Earl Cudd,
Cyrus Magnusson, Alfred Anderson, Silas C. Haugen and Herbert Ramberg.

Before MATTHES, Chief Judge,
and BRIGHT and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

This action for damages for malicious
prosecution and an alleged deprivation
of civil rights was instituted July 8,

1970, by Francis J. Savage against the United States, the State of Minnesota, the United States Attorney for the District of Minnesota and his Assistant, the Insurance Commissioner for the State of Minnesota, the Chief Examiner for Minnesota's Insurance Division and two of his examiners, and a Special Assistant Attorney General for the State of Minnesota. The several acts complained of arise out of an indictment charging Savage and others with mail fraud. Prior to the trial the charges against Savage were dismissed.

The District Court (The Honorable Edward J. Devitt, Chief Judge), after oral argument on motions of eight of the nine defendants, dismissed the complaint on the grounds, *inter alia,*[1] that the United States Attorney and his Assistant were immune from suit under the doctrine of quasi-judicial immunity. 322 F.Supp. 33, 36–37 (D.Minn.1971). The claims against the remaining moving individual defendants, all of whom were State officials, were dismissed on the theory that those defendants could not be sued on account of action taken in the exercise of their official State responsibilities. pp. 37–38 of 322 F.Supp. Although we are convinced that dismissal is proper, we reach that result for reasons differing from those employed by Chief Judge Devitt.

In Wilhelm v. Turner, 431 F.2d 177, 183 (CA 8 1970), cert. denied, 401 U.S. 947, 91 S.Ct. 919, 28 L.Ed.2d 230 (1971), we did not reach the question whether the doctrine of quasi-judicial immunity is operative to clothe prosecutorial officials with plenary insulation from suit under 42 U.S.C.A. § 1983.[2] Left unanswered as well was the extent to which immunity for subordinate governmental officials applies in suits under § 1983. Given the state of this record, and because of the procedural posture of the case, here, as in *Wilhelm,* we deem it unnecessary to reach either of those questions.

As noted, the complaint essentially purports to state two justiciable claims for relief. These are (1) common law malicious prosecution and (2) a deprivation of civil rights. We repeat and stress that it is only the propriety of dismissal of these claims against the moving individual defendants with which we here are concerned. Certain of these defendants take the position that both claims are barred by the running of the 2-year limitation period prescribed for certain intentional torts by M.S.A. § 541.07(1).[3] It is our conclusion that this contention is well founded.

I. *The claim of malicious prosecution.*

The Minnesota Supreme Court has flatly held that an action for the malicious prosecution of a *criminal* charge is one falling within the 2-year statute.[4] And, although there is no definitive Minnesota authority as to the point in time when such an action accrues,[5] we have no difficulty in con-

---

1. Chief Judge Devitt dismissed the complaint as against the United States for failure to state a claim upon which relief can be granted. The complaint as against the State of Minnesota was dismissed on the grounds, that (1) the District Court lacked subject matter jurisdiction, and that (2) the doctrine of sovereign immunity barred suit against the State. We think these dispositions are proper and we concur in Chief Judge Devitt's reasoning for so doing.

2. Compare Bauers v. Heisel, 361 F.2d 581, 589–590 (CA 3 1961) with Dodd v. Spokane County, Washington, 393 F.2d 330, 335 (CA 9 1968).

3. "§ 541.07. Except where the uniform commercial code otherwise prescribes, the following actions shall be commenced within two years:
    (1) For libel, slander, assault, battery, false imprisonment, or other tort, resulting in personal injury, * * *."

4. Bryant v. American Surety Co. of New York, 69 Minn. 30, 71 N.W. 826 (1897). Actions for the malicious prosecution of a *civil* charge, on the other hand, may be brought within six years. Virtue v. Creamery Package Mfg. Co., 123 Minn. 17, 142 N.W. 930, 937–938 (1913). See M.S.A. § 541.05.

5. See Dunnell Minnesota Digest, § 5605, at 154 (3rd Ed. 1969).

cluding that the Minnesota court would align itself with those of the majority of other jurisdictions and hold that an action for damages for the malicious prosecution of a criminal charge accrues when the proceedings upon which the action is based are terminated in favor of the defendant therein.[6] In this posture, then, we inevitably are led to the conclusion that the statute here began to run July 21, 1967, the date on which the indictment against Savage was dismissed. We must therefore hold that the claim of malicious prosecution is barred against all individual moving defendants by § 541.07(1) because the complaint was not filed until July 8, 1970.

## II. *The claim alleging a deprivation of civil rights*

Savage seeks to invoke the District Court's jurisdiction under 28 U.S.C.A. § 1343(1), (3) and (4) by resting his theory of action on the claims for relief created by 42 U.S.C.A. §§ 1983 and 1985.

We note:

(1) Neither the United States Attorney nor his Assistant, because of their respective federal positions, can be sued under § 1983. That section reaches State action only.[7]

(2) From the language of § 1985 it is readily apparent that only § 1985(3) is of pertinence to the facts alleged in the complaint. As to § 1985(3), we have grave doubts that it may be used as a vehicle for imposing liability for the type of tortious, conspiratorial interference alleged here.[8] Nevertheless, and because of our view on the limitations issue, we assume that the complaint colorably states a claim under § 1985(3).

The law is clear that state statutes of limitation govern the timeliness of federally created causes of action unless the Congress specifically has supplied a limitation period.[9] Accordingly, since neither §§ 1983 nor 1985 define the time within which suits thereunder must be brought, we must look to the appropriate or analogous law of Minnesota to determine whether these claims are barred.[10] In so doing, we are to select that Minnesota limitation provision which seems best to effectuate the federal policy underpinning the claims now before us.[11]

The deprivation of civil rights claims focus entirely on what was said and done by the various defendants in instigating and encouraging the return of the indictment charging Savage with mail fraud. It is alleged that this indictment was returned solely because the defendants conspired to put erroneous and defamatory material before the Grand Jury. In this factual setting it is the Minnesota statute governing the timeliness of defamation and malicious prosecution actions which, in our view, best speaks to the general type of wrong and conduct sought to be prevented and deterred by §§ 1983 and

---

6. Compare Dun.Dig. (3rd Ed.), *supra*, § 5740, at 271 with Annot., 87 A.L.R.2d 1047 (1963), and cases there cited.

7. Williams v. Rogers, 449 F.2d 513 (CA 8, 1971), and cases there cited.

8. See Griffin v. Breckenridge, 403 U.S. 88, 101, 102–105, 91 S.Ct. 1790, 29 L.Ed. 2d 338 (1971).

9. International Union U. A. W. v. Hoosier Cardinal Corp., 383 U.S. 696, 703–704, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966).

10. See O'Sullivan v. Felix, 233 U.S. 318, 322–323, 34 S.Ct. 596, 58 L.Ed. 980 (1914) (Civil Rights Act of 1870). Our research reveals that the courts of appeals facing the problem with respect to claims said to arise under the present § 1983 and § 1985 appear uniformly to apply this rule. See, *e. g.*, Swan v. Board of Higher Education of City of New York, 319 F.2d 56, 59 (CA 2 1963); Henig v. Odorioso, 385 F.2d 491, 493 (CA 3 1967); Knowles v. Carson, 419 F.2d 369, 370 (CA 5 1969); Madison v. Wood, 410 F.2d 564, 566 (CA 6 1969); Jones v. Jones, 410 F.2d 365, 366–367 (CA 7 1969); Smith v. Cremins, 308 F.2d 187, 188–190 (CA 9 1962), and Crosswhite v. Brown, 424 F.2d 495, 496 (CA 10 1970).

11. Vanderboom v. Sexton, 422 F.2d 1233, 1237 (CA 8 1970).

1985(3).[12] Those federal statutes typically, but not exclusively, are employed as the means by which to redress intentional and tortious invasions of constitutionally assured rights; this state statute touches and concerns varieties of the same general type of wrong. It is thus evident, again, that § 541.07(1) presents an insurmountable barrier to the maintenance of this action in view of the late date on which suit was commenced. We must hold that these civil rights claims are foreclosed by the 2-year bar of § 541.07(1).

Affirmed.

---

**12.** But cf. Madison v. Wood, *supra*, pp. 556–563 of 410 F.2d and Smith v. Cremins, *supra*, p. 190 of 308 F.2d.