**Phillip Paul ROSALES, Plaintiff,**

v.

**James LEWIS et al., Defendants.**

**Civ. No. 76-36-D.**

United States District Court,
S. D. Iowa, Davenport Division.

Aug. 14, 1978.

James N. DeWulf, Moline, Ill., for plaintiff.

Virgil Bozeman and Richard M. Batcher, Bozeman, Neighbour, Patton & Noe, Moline, Ill., for defendants.

## ORDER

STUART, Chief Judge.

The Court has before it defendants' motion for summary judgment, filed December 29, 1977 and resisted by plaintiff on March 14, 1978. Plaintiff's 42 U.S.C. § 1983 action seeks to recover for damages allegedly incurred when plaintiff was arrested on misdemeanor charges by defendant deputy sheriffs. Plaintiff claims he was illegally arrested and subjected to the use of excessive force, depriving him "of his right to be free from physical intrusions" under Article 4, section 2 and the Fourteenth Amendment to the United States Constitution.

Defendants' motion is premised on the bar of the statute of limitations. They seek to apply the statute of limitations provided in Chapter 613A of the Iowa Code, entitled

"Tort Liability of Governmental Subdivisions". Section 613A.5 of that chapter provides:

Every person who claims damages from any municipality or any officer, employee, or agent of a municipality for or on account of any wrongful death, loss or injury within the scope of section 613A.2 or section 613A.8 or under common law shall commence an action therefor within six months, unless said person shall cause to be presented to the governing body of the municipality within sixty days after the alleged wrongful death, loss or injury a written notice stating the time, place, and circumstances thereof and the amount of compensation or other relief demanded . . . The time for giving such notice shall include a reasonable length of time, not to exceed ninety days, during which the person injured is incapacitated by his injury from giving such notice.

Plaintiff was arrested on September 27, 1975. On or about March 15, 1976, some 170 days later, he mailed his notice of claim to the Scott County Board of Supervisors; that claim was presented to and denied by the Board on March 22, 1976. Mr. Rosales filed his complaint with this Court on May 14, 1976. If section 613A.5 is the applicable statute of limitations, defendants are entitled to judgment as a matter of law.

■ As section 1983 of Title 42, United States Code contains no express statute of limitations, this Court must look to the most analogous Iowa statute of limitations, with the ultimate goal of applying the same limitations period an Iowa court would apply were a similar action brought there. *Clark v. Mann,* 562 F.2d 1104 (8th Cir. 1977); *Savage v. United States,* 450 F.2d 449, 451 (8th Cir. 1971), cert. denied, 405 U.S. 1043, 92 S.Ct. 1327, 31 L.Ed.2d 585 (1972); *Chambers v. Omaha Public School Dist.,* 536 F.2d 222 (8th Cir. 1976).

■ A state statute of limitations may not be applied in such a manner as to discriminate in favor of federal claims or to limit the defenses which would otherwise be available to the defendants. *Baker v. F &*

*F Investment Co.,* 489 F.2d 829, 837 (7th Cir. 1973), citing *Campbell v. Haverhill,* 155 U.S. 610, 616, 15 S.Ct. 217, 39 L.Ed. 280 (1895). "[T]here is no reason to reject the characterization that state law would impose unless that characterization is unreasonable or otherwise inconsistent with national . . . policy." *United Automobile Workers v. Hoosier Cardinal Corp.,* 383 U.S. 696, 706, 86 S.Ct. 1107, 1113, 16 L.Ed.2d 192 (1966).

■ When a state statute of limitations exists which clearly governs and is directly related to the federal civil rights claims, the Court need not search for a limitations period which would apply only in a remotely analogous manner. *Peterson v. Fink,* 515 F.2d 815, 816 (8th Cir. 1975); *Chambers v. Omaha Public School District,* supra, at 228. However, when a more attenuated analogy is required, the Court (1) may look to the nature of the defendant's conduct and apply the statute of limitations applicable to tort actions premised on similar conduct, or (2) may apply the state's limitation relating to statutorily-created liabilities. *Glasscoe v. Howell,* 431 F.2d 863 (8th Cir. 1970).

Several courts have considered the applicability of similar tort claims statutes to § 1983 actions and have found, for varying reasons, that they were not the most analogous state statutes of limitations. *Skrapits v. Skala,* 314 F.Supp. 510 (N.D.Ill.1970); *Klein v. Springborn,* 327 F.Supp. 1289 (N.D. Ill.1971); *Luker v. Nelson,* 341 F.Supp. 111 (N.D.Ill.1972); *Donovan v. Reinbold,* 433 F.2d 738 (9th Cir. 1970); *Shouse v. Pierce County,* 559 F.2d 1142 (9th Cir. 1977). This Court also concludes that the Iowa Tort Claims Act is not the most appropriate limitations period.

While it was enacted primarily to eliminate the sovereign immunity traditionally enjoyed by municipalities and other governmental subdivisions, Chapter 613A applies not only to actions against such governmental bodies, but also to actions against their employees, officers, and agents. Although the governing body need not be made a party, it is bound to defend and, "except in

cases of malfeasance in office, willful and unauthorized injury to persons or property, or willful or wanton neglect of duty", save harmless and indemnify any officer, employee or agent sued. The act imposes liability for damages sustained as a result of tortious conduct, including "denial or impairment of any right under any constitutional provision", and expressly contemplates cases arising under 42 U.S.C. § 1983. See Iowa Code §§ 613A.1(3), .2, and .8.

Section 613A.5 provides potential plaintiffs two alternatives: (1) they may file a notice of claim within 60 (or 150) days, giving them two years thereafter in which to file suit, or (2) they may forego notice altogether and simply commence suit within six months. Hence 613A.5 operates both as a claims provision and as a statute of limitations. It was amended in 1974 to require the presentation of a notice of claim to the governmental entity within ninety days or the commencement of suit within six months in all cases, even where the action is filed solely against the public employee. This represents a marked departure from earlier Iowa law which held that § 613A.5's notice of claim requirements did not apply to an employee being sued in his or her individual capacity. See *Vermeer v. Sneller,* 190 N.W.2d 389 (Iowa 1971); *Flynn v. Lucas County Memorial Hospital,* 203 N.W.2d 613 (Iowa 1973); *Mason v. Smith,* No. 74–47–1 (S.D.Iowa, unpublished order filed May 15, 1974). The change has rectified an anomaly existing under prior law whereby a municipality could be held secondarily liable under the indemnity provisions even though its primary obligation was negated by lack of proper notice. See *Harryman v. Hayles,* 257 N.W.2d 631, 638 (Iowa 1977). The primary purpose of this notice provision is to "provide a method of prompt communication of time, place and circumstances of injury so the municipality can investigate while the facts are fresh". *Lunday v. Vogelmann,* 213 N.W.2d 904, 907 (Iowa 1973).

■ The Court decided not to apply the limitations period prescribed in Chapter 613A, and, hence, to deny defendants' motion for summary judgment, for three reasons. First, if the municipality were liable under Chapter 613A, it would not be liable under section 1983. Section 613A.2 imposes liability for tortious conduct committed within the scope of a governmental employee, officer, or agent's employment or duties. A tort falls within that range if the act is reasonably related to the municipality's affairs and the officer, employee, or agent acted in "good faith and in a manner a reasonable person would have believed to be in and not opposed to the best interests of the municipality". Additional duties imposed under Chapter 613A are also limited to a certain extent by this "good faith" standard. Section 613A.8 establishes a bifurcated responsibility: (1) to defend all employees against employment-related tort actions, and (2) to indemnify and hold harmless those employees except in cases of malfeasance in office or willful or wanton neglect of duty.

■ Section 1983 actions against police officers, on the other hand, require a showing of willful, wanton, and malicious conduct in order to subject the defendant to any liability. Where a good faith defense exists, no liability may be incurred. See *Pierson v. Ray,* 386 U.S. 547, 557, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Thus, the good faith action on the part of the employee or officer necessary under Chapter 613A to recover against a municipality (or to entitle said employee to indemnification), will obviate a judgment pursuant to § 1983, and vice versa.

Second, the specific reference in § 613A.8 to actions brought under 42 U.S.C. § 1983 does not compel application of § 613A.5's statute of limitations provision. Chapter 613A of the Iowa Code was enacted in 1967 and took effect on January 1, 1968, at a time when ordinary tort negligence was still presumably cognizable under § 1983. Since then, civil rights law has been distilled and refined and now requires the allegation and proof of deprivation of rights of a constitutional magnitude in order to state a claim and entitle one to relief. See *Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct.

1155, 47 L.Ed.2d 405 (1976). Hence, the mere mention of § 1983 should not be construed to subject Guthrie County to suit. The duty imposed in § 613A.8 with regard to § 1983 actions is co-extensive with the duty discussed above; i. e., an absolute duty to defend all employees, but no duty to indemnify those acting in bad faith.

Finally, in applying the most appropriate Iowa limitations provision, this Court must select the one "which seems best to effectuate the federal policy underpinning the claims now before us". *Savage v. United States,* supra at 451. The purpose behind § 613A.5's shortened statute of limitations and notice provisions [i. e. to allow prompt investigation of the alleged tort], is less compelling in civil rights actions where liability is based upon personal responsibility which means that the defendants should have knowledge of the events at issue.

It appears that the federal policy underlying the plaintiff's claims in this case would best be served by applying the two year statute of limitations for actions "founded on injuries to the person or reputation, including injuries to relative rights, whether based on contract or tort". Iowa Code § 614.1(2). Mr. Rosales is safely within that two-year bar, since his allegedly illegal arrest took place on September 17, 1975, and he commenced suit on May 14, 1976.

Upon reviewing the pleadings to date, it appears that plaintiff mentioned a malicious prosecution claim for the first time in the instant resistance to defendants' motion for summary judgment. It is not included in his complaint. There are no affidavits or supporting documents on record to substantiate this assertion. If plaintiff does intend to pursue this claim, he should promptly file a motion for leave to amend his complaint to state a cause of action for malicious prosecution. See Fed. R.Civ.P. 15(a). The Court would note again that not every tort recognized under state law is sufficient to sustain a § 1983 action, which requires the allegation of conduct depriving plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States. See *Paul v. Davis,* supra. A claim of malicious prosecution *standing alone* does not implicate any federally protected rights and, thus, is not cognizable in and of itself under § 1983. *Paskaly v. Seale,* 506 F.2d 1209, 1212 (9th Cir. 1974); *Curry v. Ragan,* 257 F.2d 449, 450 (5th Cir. 1958), cert. denied, 358 U.S. 851, 79 S.Ct. 78, 3 L.Ed.2d 85 (1958); *Brainerd v. Potratz,* 421 F.Supp. 836, 840 (N.D.Ill. 1976); *Hahn v. Sargent,* 388 F.Supp. 445, 452 (D.Mass.1975), affirmed, 523 F.2d 461 (1st Cir. 1975).

IT IS THEREFORE ORDERED that defendants' motion for summary judgment shall be, and it is hereby denied upon the Court's finding that they are not entitled to judgment as a matter of law.