**Mark Alfred GARMON, Appellee,**

v.

**Robert FOUST; Robert Ervin and Charles Cramer, Appellants.**

No. 80–2206.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 15, 1981.

Decided Jan. 5, 1982.

Certiorari Denied May 24, 1982.
See 102 S.Ct. 2283.

J. M. Sullivan, Asst. City Atty., Des Moines, Iowa, for appellants.

Gregory L. Biehler, argued, Smith, Schneder & Stiles, Charles S. Lavorato, Des Moines, Iowa, for appellee.

Before LAY, Chief Judge, and HEANEY, BRIGHT, ROSS, STEPHENSON, HENLEY, McMILLIAN and ARNOLD, Circuit Judges, En Banc.

BRIGHT, Circuit Judge.

In this appeal we consider which state statute of limitations applies in a federal civil rights action brought under 42 U.S.C. § 1983: the statute governing an action based on the underlying conduct of the defendant, or the state's general, "catch-all" statute of limitations. Resolving inconsistent applications of the Iowa statutes of limitations in section 1983 actions, we hold the general statute of limitations applicable.

Mark Alfred Garmon brought this action under 42 U.S.C. § 1983 against three members of the Des Moines, Iowa, police force. He charged them with violating his civil rights under the fourth and fourteenth amendments in an incident that occurred on December 18, 1975, slightly more than two years prior to his filing of the complaint. The police officers moved for summary judgment on the ground that Iowa's two-year statute of limitations, Iowa Code § 614.1 ¶ 2[1] governing actions for injuries to person or reputation barred the action. The district court[2] denied the motion, ruling Iowa's five-year statute of limitations governing "all other actions," Iowa Code § 614.1 ¶ 4[3], the more appropriate limitations provision. Noting the substantial difference of opinion regarding the applicable Iowa statute of limitations in section 1983 cases, however, the district court certified its interlocutory order for appeal under 28 U.S.C. § 1292(b). We permitted the appeal to resolve inconsistencies in similar cases arising in Iowa, and to clarify the law in this circuit on the appropriate state statute of limitations applicable to section 1983 cases. We now affirm the order of the district court applying Iowa's general statute of limitations in this civil rights action.

I. *Factual Background.*

On December 17, 1975, defendant Robert Foust of the Des Moines Police Department, received from employees of Drake Universi-

---

1. Chapter 614 of the Iowa Code prescribes "Limitations of Actions." Section 614.1 specifies the relevant period as follows:
   614.1 *Period*
   Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared:
   \* \* \* \* \*
   2. *Injuries to person or reputation—relative rights—statute penalty.* Those founded on injuries to the person or reputation, including injuries to relative rights, whether based on contract or tort, or for a statute penalty, within two years.

2. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

3. Section 614.1 ¶ 4 of the Iowa Code provides:
   614.1 *Period*
   Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared:
   \* \* \* \* \* \*
   4. *Unwritten contracts—injuries to property—fraud—other actions.* Those founded on unwritten contracts, those brought for injuries to property, or for relief on the ground of fraud in cases heretofore solely cognizable in a court of chancery, and all other actions not otherwise provided for in this respect, within five years, except as provided by subsection 8.

ty a package addressed to Mark Garmon that had arrived at the student resident hall where Garmon lived. Without a search warrant or probable cause, Foust took the package to a state judge, who ordered it opened. After discovering that the package contained a green, leafy substance, the officer resealed the package.

The state court issued a warrant on December 18, 1975, authorizing the search of Garmon's dormitory room. Foust, and co-defendants Robert Ervin and Charles Cramer, searched plaintiff's room and discovered a controlled substance.

Garmon was charged under Iowa law with possession of a controlled substance. The seizure and search of the package without a warrant or probable cause, however, had tainted all subsequent actions including the issuance of the warrant authorizing the police to search Garmon's room. As a result, Garmon's court-appointed attorney successfully moved to suppress the evidence obtained from the package and from plaintiff's dormitory room. The State subsequently dropped the criminal charges.

On December 20, 1977, more than two years later, Mark Garmon instituted this action against Des Moines policemen Robert Foust, Robert Ervin, and Charles Cramer under 42 U.S.C. § 1983. The complaint alleged that in December 1975, defendants' actions under color of state law deprived Garmon of

> [t]he right * * * to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States[, and]
>
> [t]he right * * * not to be deprived of life, liberty or property without due process of law, secure[d] by the Fourteenth Amendment to the Constitution of the United States.

As a result of the illegal search and seizure, Garmon claimed that he suffered severe emotional distress, damage to his reputation, and impaired earning capacity.

The defendant policemen asserted Iowa's two-year statute of limitations, Iowa Code § 614.1 ¶ 2 as a defense. The district court ruled section 614.1 ¶ 2 inapplicable, however, and held the action timely under Iowa's general, five-year statute of limitations. Iowa Code § 614.1 ¶ 4. The controversy before this court focuses on which of the following state statutory provisions governs suits brought under section 1983:

### CHAPTER 614. LIMITATIONS OF ACTIONS

614.1 *Period*

Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared:

\* \* \* \* \* \*

2. *Injuries to person or reputation—relative rights—statute penalty.* Those founded on injuries to the person or reputation, including injuries to relative rights, whether based on contract or tort, or for a statute penalty, within two years.

\* \* \* \* \* \*

4. *Unwritten contracts—injuries to property—fraud—other actions.* Those founded on unwritten contracts, those brought for injuries to property, or for relief on the ground of fraud in cases heretofore solely cognizable in a court of chancery, and *all other actions not otherwise provided for in this respect, within five years, except as provided by subsection 8.* [Iowa Code § 614.1 ¶¶ 2, 4 (Supp. 1981) (emphasis added).]

II. *Discussion.*

When Congress established a cause of action for deprivation of civil rights, 42 U.S.C. § 1983, it did not include a period of limitations for such suits. Both the Rules of Decision Act,[4] and section 1988 [5] of the

---

4. The Rules of Decision Act specifies:

> The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise

require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply. [28 U.S.C. § 1652 (1976).]

5. 42 U.S.C. § 1988 provides in relevant part:

Civil Rights Act, however, indicate that state statutes of limitations govern unlimited federal causes of action.

Although the Supreme Court has never addressed the specific question presented in this ·case, it has stated as a general rule that,

> when a federal statute creates a wholly federal right but specifies no particular statute of limitations to govern actions under the right, the general rule is to apply the state statute of limitations for analogous types of actions. See *Auto Workers v. Hoosier Corp.*, 383 U.S. 696 [86 S.Ct. 1107, 16 L.Ed.2d 192]; *Cope v. Anderson*, 331 U.S. 461 [67 S.Ct. 1340, 91 L.Ed. 1602]; *Campbell v. Haverhill*, 155 U.S. 610 [15 S.Ct. 217, 39 L.Ed. 280.] [*Chevron Oil Co. v. Huson*, 404 U.S. 97, 104, 92 S.Ct. 349, 354, 30 L.Ed.2d 296 (1971).]

Since 1914, when the Supreme Court decided *O'Sullivan v. Felix*, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914), federal courts have "borrowed" state statutes of limitations in civil rights suits, by applying "the most appropriate one provided by state law." *Johnson v. Railway Express Agency*, 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975).

This approach has not yielded uniform results among the federal courts because of the differing analogies drawn between section 1983 actions and state remedies. Courts have variously adopted the state statute of limitations applicable to the state common law tort action for the conduct underlying the section 1983 action,[6] the statute of limitations for causes of action created by statute,[7] or the general, "catch-all" statute of limitations applicable to causes of action not specifically governed by other statutes of limitations.[8]

Various panels of this court have also taken inconsistent approaches to the application of state statutes of limitations in section 1983 actions. A comparison of *Glasscoe v. Howell*, 431 F.2d 863 (8th Cir. 1970) (rejecting the tort analogy) with *Savage v. United States*, 450 F.2d 449 (8th Cir. 1971), *cert. denied*, 405 U.S. 1043, 92 S.Ct. 1327, 31 L.Ed.2d 585 (1972) (accepting the tort analogy) exemplifies the split within the Eighth Circuit.

In *Glasscoe*, an Arkansas resident brought an action under section 1983 against Arkansas police officers, alleging that they had deprived him of his civil rights by arresting him with unnecessary force and violence. Rejecting a tort analogy in the application of a state statute of limitations, the court refused to hold the action time-barred under the one-year Arkansas statute of limitations governing actions for false imprisonment and assault and battery.

The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this Title, and of Title "CIVIL RIGHTS," and of Title "CRIMES," for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature in the infliction of punishment on the party found guilty. [42 U.S.C. § 1988 (1976).]

6. *See, e.g., Cramer v. Crutchfield*, 648 F.2d 943 (4th Cir. 1981) (state statute of limitations for personal injury actions applied in § 1983 suit); *Rubin v. O'Koren*, 644 F.2d 1023 (5th Cir. 1981) (same); *Polite v. Diehl*, 507 F.2d 119 (3d Cir. 1974) (same); *Madison v. Wood*, 410 F.2d 564 (6th Cir. 1969) (same).

7. *See, e.g., Major v. Arizona State Prison*, 642 F.2d 311 (9th Cir. 1981) (state statute of limitations for liability created by statute applied in § 1983 suit); *Taylor v. Mayone*, 626 F.2d 247 (2d Cir. 1980) (same); *White v. Padgett*, 475 F.2d 79 (6th Cir. 1972), *cert. denied*, 414 U.S. 861, 94 S.Ct. 78, 38 L.Ed.2d 112 (1973) (same).

8. *See, e.g., Rinehart v. Locke*, 454 F.2d 313 (7th Cir. 1971) (general statute of limitations applied in § 1983 action); *Franklin v. City of Marks*, 439 F.2d 665 (5th Cir. 1971) (same).

We do not feel that the appellee's action here can be narrowly characterized as merely an action for assault and battery. The United States Supreme Court has made it clear that an action commenced under 42 U.S.C. § 1983 alleging a deprivation of federal constitutional rights under color of state authority is a broad statutory remedy provided for by Congress. *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Although such a remedy may also exist at common law, there is an apparent distinction. The Ninth Circuit, in *Smith v. Cremins*, [308 F.2d 187, 190 (9th Cir. 1962)], explained this distinction:

"Section 1983 of the Civil Rights Act clearly creates rights and imposes obligations different from any which would exist at common law in the absence of statute. A given state of facts may of course give rise to a cause of action in common-law tort as well as to a cause of action under Section 1983, but the elements of the two are not the same. The elements of an action under Section 1983 are (1) the denial under color of state law (2) of a right secured by the Constitution and laws of the United States. Neither of these elements would be required to make out a cause of action in common-law tort; both might be present without creating common-law tort liability."

[*Glasscoe v. Howell, supra*, 431 F.2d at 865.]

Because 42 U.S.C. § 1983 constitutes a statutory remedy for deprivation of constitutional rights, the panel concluded that either the three-year limitation for an action "founded on any contract or liability, express or implied," Ark.Stat.Ann. § 37–206 (which Arkansas courts had construed as covering actions based upon a liability created by statute), or the general five-year statute of limitations applied. The plaintiff had timely filed his suit under either state statute, and therefore the panel did not decide specifically which provision governs section 1983 actions. *Glasscoe v. Howell, supra*, 431 F.2d at 865.

The panel that decided *Savage v. United States, supra*, accepted the analogy between actions under section 1983 and state common law tort suits. Francis Savage sued a number of Minnesota state officials under section 1983 for depriving him of his civil rights by promoting the return of an indictment charging Savage and several others with mail fraud. When the state dismissed the indictment prior to trial, Savage alleged that the defendants had sought the indictment solely to put defamatory material before the grand jury. Focusing on the defendants' conduct rather than on the nature of the federal statutory cause of action, the panel ruled the action time-barred by the Minnesota two-year statute of limitations governing actions for defamation and malicious prosecution, Minn.Stat. § 541.07(1).

The deprivation of civil rights claims focus entirely on what was said and done by the various defendants in instigating and encouraging the return of the indictment charging Savage with mail fraud. It is alleged that this indictment was returned solely because the defendants conspired to put erroneous and defamatory material before Grand Jury. In this factual setting it is the Minnesota statute governing the timeliness of defamation and malicious prosecution actions which, in our view, best speaks to the general type of wrong and conduct sought to be prevented and deterred by §§ 1983 and 1985(3). Those federal statutes typically, but not exclusively, are employed as the means by which to redress intentional and tortious invasions of constitutionally assured rights; this state statute touches and concerns varieties of the same general type of wrong. It is thus evident, again, that § 541.07(1) presents an insurmountable barrier to the maintenance of this action in view of the late date on which suit was commenced. We must hold that these civil rights claims are foreclosed by the 2-year bar of § 541.-07(1). [*Savage v. United States, supra*, 450 F.2d at 451–52 (footnote omitted).]

This court has never reconciled the conflict created by *Glasscoe* and *Savage*. We have, at times, followed *Glasscoe* and fo-

cused on the federal statutory cause of action for deprivation of civil rights. *See, e.g., Lamb v. Amalgamated Labor Life Insurance Co.*, 602 F.2d 155 (8th Cir. 1979) (Missouri five-year statute of limitations for an "action upon a liability created by a statute," Mo.Rev.Stat. § 516.120, applied in civil rights actions alleging fraud and conspiracy to deprive insured of constitutional rights); *Clark v. Mann*, 562 F.2d 1104 (8th Cir. 1977) (Arkansas three-year statute of limitations previously construed by the state to apply to actions based upon a liability created by statute, Ark.Stat.Ann, § 37–206, applied in section 1983 action alleging deprivations of due process, equal protection, and first amendment rights by school district personnel policies and practices); *Williams v. Anderson*, 562 F.2d 1081 (8th Cir. 1977) (same); *Reed v. Hutto*, 486 F.2d 534 (8th Cir. 1973) (Arkansas three-year statute of limitations previously construed by state to actions based upon a liability created by statute, Ark.Stat.Ann. § 37–206, applied in section 1983 action by prisoner against former prison officials).

In other cases, we have followed *Savage* and applied the statute of limitations governing the common law tort most analogous to defendant's conduct. *See, e.g., Johnson v. Dailey*, 479 F.2d 86 (8th Cir.), *cert. denied*, 414 U.S. 1009, 94 S.Ct. 371, 38 L.Ed.2d 246 (1973) (Iowa two-year statute of limitations governing actions for malicious prosecution, Iowa Code § 614.1 ¶ 2, applied in section 1983 action against prosecuting attorney).

Decisions of the United States District Court for the Southern District of Iowa have mirrored these different approaches. *Compare Barrett v. Wichael*, 387 F.Supp. 1263 (S.D.Ia.1974) (Iowa five-year general statute of limitations, Iowa Code § 614.1 ¶ 4, applied in section 1983 action against a county sheriff, following *Glasscoe v. Howell*), *with Rosales v. Lewis*, 454 F.Supp. 956 (S.D.Ia.1978) (Iowa's two-year statute of limitations for actions "founded on injuries to person or reputation," Iowa Code § 614.1 ¶ 2, applied in section 1983 action against deputy sheriffs alleging excessive force during illegal arrest, following *Savage v. United States*) *and Silliman v. Rice*, No. 79–29–2 (S.D.Ia. Oct. 10, 1980) (order denying motion to dismiss) (Iowa's two-year statute of limitations, Iowa Code § 614.1 ¶ 2, applied to section 1983 action against county sheriff).

Despite their inconsistent positions, both parties to the litigation now before this court argue from a common premise: because Iowa has no specific statute of limitations for section 1983 actions[9] the state statute of limitations for the most analogous type of action governs suits brought under section 1983. They differ, however, in the manner in which they determine the "analogous types of actions" under state law. The police officers urge the court to compare this suit to the state common law tort action available for the conduct giving rise to the federal cause of action. Garmon asks the court to compare the federal and state causes of action, rather than the underlying conduct.

9. In response to inquiries by the court at oral argument, the parties commented on § 613A.5 of the Iowa Code which prescribes the "Limitation of Actions" for "Tort Liability of Governmental Subdivisions." The statute requires any person claiming damages against a municipality to commence the action within six months of the incident. If the municipality receives written notice describing the claim within six months of the incident, however, the plaintiff may commence the suit within two years after such notice.

In *Rosales v. Lewis*, 454 F.Supp. 956 (S.D.Ia. 1978), the court ruled that § 613A.5, which operates as both a claims provision and a statute of limitations, does not apply to actions brought under 42 U.S.C. § 1983.

The purpose behind § 613A.5's shortened statute of limitations and notice provisions [i.e. to allow prompt investigation of the alleged tort], is less compelling in civil rights actions where liability is based upon personal responsibility which means that the defendants should have knowledge of the events at issue. [454 F.Supp. at 960.]

In this case, however, the state did not raise this provision as a defense in its motion to dismiss, in its motion to reconsider the denial of summary judgment, or in its brief to this court. Because it is axiomatic that the defendant bears the burden of raising the statute of limitations as an affirmative defense, we do not further consider the applicability of this section.

The district court rejected the tort analogy and applied Iowa's general statute of limitations.

* * * I am of the opinion, and hold, that the five year statute of limitations, Iowa Code § 614.1(4), applies for the reasons expressed by Judge Hanson in *Barrett v. Wichael*, 387 F.Supp. 1263 (S.D.Iowa 1974). (I have previously held that section 614.1(4) applies to claims for relief under 42 U.S.C. § 1981. *Russell v. Pittsburgh-Des Moines Steel Co.*, Civil No. 77–343–2 (S.D.Iowa March 19, 1980) (ruling on motion to dismiss).)

Because this action was brought within five years of the date of the constitutional violation alleged by plaintiff, defendants' motion to reconsider the order of June 12, 1979, is denied. [*Garmon v. Foust*, No. 77–367–2 (S.D.Ia. Nov. 17, 1980) (order denying summary judgment).]

 We agree and reject the tort analogy because it unduly cramps the significance of section 1983 as a broad, statutory remedy. Section 1983 provides a cause of action for deprivation of civil rights that in no way depends upon state common law. A litigant may pursue a section 1983 action rather than, or in addition to, state remedies. In his concurrence in *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961),[10] Justice Harlan described the difference between a state tort suit and a section 1983 action.

> [A] deprivation of a constitutional right is significantly different from and more serious than a violation of a state right and therefore deserves a different remedy even though the same act may constitute both a state tort and the deprivation of a constitutional right. * * *[5]

[5] There will be many cases in which the relief provided by the state to the victim of a use of state power which the state either did not or could not constitutionally authorize will be far less than what Congress may have thought would be fair reimbursement for deprivation of a constitutional right. I will venture only a few examples. There may be no damage remedy for the loss of voting rights or for the harm from psychological coercion leading to a confession. And what is the dollar value of the right to go to unsegregated schools? Even the remedy for such an unauthorized search and seizure as Monroe was allegedly subjected to may be only the nominal amount of damages to physical property allowable in an action for trespass to land. It would indeed be the purest coincidence if the state remedies for violations of common-law rights by private citizens were fully appropriate to redress those injuries which only a state official can cause and against which the Constitution provides protection. [*Id.* at 196 and n.5, 81 S.Ct. at 488.]

 In this case, Mark Garmon's complaint based on the warrantless seizure of his property and the subsequent search of his dormitory room, damaging his reputation and his earning capacity, does more than state a claim of "injuries to person or reputation." Garmon's assertion of a *constitutional right* not to be so treated by persons acting under color of state law provides the linchpin of his complaint under section 1983. We therefore adopt the reasoning articulated in *Glasscoe v. Howell, supra*, as the rule of the Eighth Circuit to be applied in this case and other similar cases.[11]

Accordingly, we affirm the district court's ruling that Iowa's general, five-year statute of limitations, Iowa Code § 614.1 ¶ 4, governs this section 1983 action.[12]

---

**10.** *Monell v. Dep't of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) later overruled the aspect of *Monroe v. Pape* which held local governments wholly immune from suit under § 1983.

**11.** Iowa has no specific period of limitations for actions based upon liability created by statute. Such a statute of limitations may appropriately govern an unlimited federal civil rights action. *See* note 7 *supra*.

**12.** Because this case involved a civil rights suit only under 42 U.S.C. § 1983, we limit our holding to actions specifically brought under that section. We recognize, however, that the rationale of this opinion may extend to actions under other sections of the Civil Rights Act, *e.g.*, §§ 1981, 1985.