Joseph H. WESTON, Appellant,

v.

Ann BACHMAN; Nancy Brokaw; Jean Hall; Jackie Hall; John Norman Harkey; Circuit Judge Andrew G. Ponder; Leroy Blankenship, Attorney; Circuit Judge H. A. Taylor; Robert Dudley, Associate Justice of Arkansas Supreme Court; Veda M. Gordon, Foreman of Grand Jury; R. Ford Wilkinson; Dr. Robert McChesney; Dr. J. Lynn Mellor; Independence County; Attorney General Steve Clark, as respondent to suits against Arkansas; Conley Byrd; George Smith; Frank Holt; Darrell Hickman; Stephen A. Matthews; Richard H. Wootton; Richard A. Cobb; State of Arkansas; Little Rock, Arkansas, Stake of Church of Jesus Christ of Latter-Day Saints; John I. Purtle; Richard Mays; and John Stroud, Appellees.

No. 81–2112.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1982.

Decided July 7, 1982.

Joseph H. Weston, pro se.

Bill W. Bristow, P. A., Seay, Bristow & Rees, Jonesboro, Ark., for appellee Andrew Ponder.

Richard L. Smith, Barron, Coleman, Barket & Smith, P. A., Little Rock, Ark., Steve Clark, Atty. Gen. by R. B. Friedlander, Asst. Atty. Gen., Little Rock, Ark., for appellees.

* The HONORABLE JOSEPH E. STEVENS, JR., United States District Judge, United States District Court for the Western District of Missouri, sitting by designation.

Before HEANEY and ROSS, Circuit Judges, and STEVENS,* District Judge.

HEANEY, Circuit Judge.

Joseph H. Weston appeals from a district court order granting the defendants' motions to dismiss his civil rights action brought under 42 U.S.C. §§ 1983, 1985 and 1986. The district court[1] held that the plaintiff failed to establish that his constitutional rights were violated, that certain defendants were not acting under color of state law, that certain defendants were immune from suit and, finally, that the complaint was barred by the applicable statute of limitations. We remand for further proceedings consistent with this opinion.

Section 1983 does not contain its own statute of limitations. Therefore, in determining the proper limitations period in a section 1983 action, the state statute governing actions most analogous to the civil rights claim is applied. *Garmon v. Foust*, 668 F.2d 400, 402–403 (8th Cir. 1982). The district court correctly determined that Weston's complaint was subject to the three-year limitations period provided by Ark. Stat.Ann. § 37–206. *See Clark v. Mann*, 562 F.2d 1104, 1111–1112 (8th Cir. 1977).

Weston filed a request in the district court to proceed *in forma pauperis* on October 22, 1980. A copy of the complaint was attached to the request. The district court denied the request on November 10, 1980. Thereafter, Weston paid the filing fee and refiled his complaint on May 15, 1981. The complaint alleged, in essence, that the defendants conspired against Weston in retaliation for derogatory remarks about Independence County Circuit Judge Andrew Ponder and Leroy Blankenship, a former prosecutor for Independence County, during their campaigns for circuit court judgeships in 1977. Weston contended that conspiracy was effectuated through the misuse of a grand jury to indict him, libel suits against him and his excommunication from the Mormon Church.

1. The Honorable William F. Overton, United States District Court Judge for the Eastern District of Arkansas.

The district court determined that the plaintiff's cause of action accrued on November 19, 1977, when he was indicted by an Independence County grand jury. Accordingly, it held that Weston's complaint, filed on May 15, 1981, was barred by Arkansas's three-year statute of limitations which ran on November 19, 1980. The issue before this Court is whether Weston satisfied the statute of limitations by filing within the limitations period on October 22, 1980, his complaint and motion to proceed *in forma pauperis.*

This Court recently held in *Whittle v. Wiseman,* No. 81–1935 at 2 (8th Cir. Apr. 16, 1982), that "in applying [Ark.Stat.Ann.] § 37–206 to civil rights actions, we recognize decisions of the Arkansas Supreme Court regarding the applicability of the saving statute to claims subject to the three-year limitation as we have in contexts other than civil rights litigation." In *Whittle,* the plaintiff commenced an action under 42 U.S.C. § 1983, within the three-year statute of limitations. *Id.* at 1–2. The action was subsequently dismissed for failure to prosecute. *Id.* The plaintiff then refiled her suit after the limitations period had run, contending that it was "saved" by Ark.Stat. Ann. § 37–222, which provides that if an action is initiated within the statutory time limit and is dismissed without prejudice, the plaintiff may commence a new action within one year of the dismissal. *Id.* at 2. This Court remanded the matter to the district court to determine whether Ark.Stat.Ann. § 37–222 "saved" the plaintiffs' section 1983 claim. *Id.* at 2–3.

The district court here did not address the question of whether Weston's *in forma pauperis* application tolled the statute of limitations. Moreover, it issued its order prior to our disposition of *Whittle v. Wiseman, supra.* Accordingly, it is appropriate to remand this matter to the district court to determine whether Ark.Stat.Ann. § 37–222, or any of the other Arkansas savings statutes, Ark.Stat.Ann. § 37–101 *et seq.,* are applicable to plaintiff's action in the circumstances presented in this case. Apart from any interpretation of the Ar-

kansas saving statutes, the district court also should determine whether, under Arkansas law, the statute of limitations is tolled by filing a complaint and a motion to proceed *in forma pauperis* or whether equitable considerations require the paid filing to be related back to the initial *in forma pauperis* filing for statute of limitations purposes.

We need not at this time review the district court's alternative holdings that the plaintiff failed to establish that his constitutional rights were violated, that certain defendants were not acting under color of state law and that certain defendants were immune from suit. We retain jurisdiction over these issues and, if necessary, we will review them along with any remaining statute of limitations questions if an appeal is taken from the district court's judgment on remand. Therefore, we vacate the district court's judgment concerning the statute of limitations, and remand for proceedings consistent with this opinion.