Joe Louis **BROWN**, Appellant,

v.

**UNITED STATES of America; ABA—Minnesota Bar Association; WCCO/Channel 4 and Affiliates; State of Minnesota; MESCO, Minneapolis Electric Steel Casting Company, Division of Evans; Transportation Insurance; CNA Aetna & Casualty Group Division; U.S. Department of Labor; EEOC Minnesota Department of Human Rights; Social Security Administration; Minnesota Workmen's Compensation; Internal Revenue Service and Minneapolis Police Department, Appellees.**

No. 82–1908.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 28, 1982.

Decided Nov. 4, 1982.

Oppenheimer, Wolff, Foster, Shepard & Donnelly, Saint Paul, Minn., for appellee WCCO/Channel 4 and Affiliates.

Before HEANEY and BRIGHT, Circuit Judges, and HENLEY, Senior Circuit Judge.

PER CURIAM.

Appellant Joe Louis Brown appeals *pro se* from the district court's[1] dismissal of his civil rights suit brought pursuant to 42 U.S.C. §§ 1981, 1983 and section 11(c) of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 660(c).

This matter comes before the court on appellant's request for appointment of counsel. The court has reviewed the files and records in this case and on its own motion summarily affirms the determination of the district court except as otherwise noted in this opinion.

For the most part, the claims asserted by appellant do not come within the jurisdiction of federal courts or otherwise are frivolous. Thus, the appeal is likewise frivolous, except as we note below.

Appellant, a black male, claims that his former employer, the Minneapolis Electric Steel Castings Company (MESCO), discriminated against him because of his race by firing him for filing a complaint with the Equal Employment Opportunity Commission regarding the company's racially discriminatory treatment of him. He further contends that MESCO, being fully aware that appellant was suffering from silicosis, intentionally assigned him to a job in which he would be exposed to high levels of silica dust in retaliation for filing a complaint with the Occupational Safety and Health Administration about hazardous silica dust levels in MESCO's plant. Appellant also alleges that MESCO and its insurers, Transportation Insurance Company and Aetna Life and Casualty, breached a settlement agreement with him negotiated by the Minnesota Department of Labor, Workers' Compensation Division, by failing to provide for appellant's medical needs and expenses related to his silicosis. Appellant complains that the Minnesota Workers'

Compensation Division, the Minnesota Department of Human Rights, and Aetna Life and Casualty lost his records. Appellant alleges that a local television station, WCCO, damaged his reputation by broadcasting only portions of a taped interview with appellant that in appellant's opinion cast him in a negative light. Appellant charges that several federal agencies, including the United States Department of Labor, the Internal Revenue Service, and the Social Security Administration either refused to assist him in pressing his complaints against MESCO or harassed him. Finally, appellant named as defendants in the AMA, Dr. John Fee, the Minnesota ABA, and the Minneapolis Police Department, although the complaint failed to allege any specific acts committed by these defendants.

The district court granted defendant's motions to dismiss for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6), for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), and for insufficiency of process, Fed.R.Civ.P. 12(b)(4).

The judgment dismissing the complaint against MESCO for its discharge of appellant in retaliation for filing a claim for racial discrimination, *see* Complaint ¶ 25, is vacated, and the cause is remanded for reconsideration in light of *Setser v. Novack Investment Co.,* 638 F.2d 1137, 1146–47 (8th Cir. 1981), and *Garmon v. Foust,* 668 F.2d 400 (8th Cir. 1982), for such further proceedings as are necessary. In all other respects, the judgment is affirmed, but without prejudice to any pendent state claims. Appellant's request for appointment of counsel is denied.

---

1. The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.