**JAMES W., Plaintiff,**

v.

**DAKOTA COUNTY, Minnesota, a political subdivision, Defendant.**

No. Civ. 4–85–1565.

United States District Court,
D. Minnesota,
Fourth Division.

May 29, 1986.

Charles S. Zimmerman and Barry G. Reed, Zimmerman, Caplan & Reed, Minneapolis, for plaintiff.

Martin N. Burke and Sally A. Johnson, Faegre & Benson, Minneapolis (Joseph B. Marshall and Scott Wilensky, Marshall and Associates, P.A., Circle Pines, of counsel), for defendant.

### MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on defendant's motion for summary judgment. Defendant's motion will be denied.

### FACTS

Plaintiff in this case is a Minnesota resident who was subjected to a strip search following arrest by Dakota County Sheriff's deputies. In July, 1980, Dakota County Sheriff's deputies were summoned to a late-hours party hosted by plaintiff. The deputies were responding to noise complaints made by plaintiff's neighbors. Plaintiff was arrested on charges of creat-

ing a public nuisance and taken to the Dakota County Detox Center. At the center plaintiff was "forced to undress and spread apart and manipulate his anal and genital areas for the purpose of a visual search by Sheriff's Deputies." Complaint ¶ 1. Plaintiff alleges that the strip search was conducted notwithstanding that sheriff's deputies had no articulable reason to believe or suspect that weapons or contraband were being concealed by plaintiff. Plaintiff thereafter brought this suit pursuant to 42 U.S.C. § 1983, alleging deprivation of his rights under the fourth, fifth, eighth, ninth, and fourteenth amendments to the United States Constitution and seeking preliminary and permanent injunctive relief, actual damages of $50,000, punitive damages of $100,000, costs and attorneys' fees.

■ Defendants now bring this motion for summary judgment on the ground that plaintiff's cause of action is time-barred. Resolution of this issue turns on whether the Supreme Court's recent decision in *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), is to be applied retroactively in the circumstances presented by the case at bar.[1]

## DISCUSSION

### A. The Applicable Minnesota Statute

■ In *Wilson v. Garcia* the Supreme Court directed the federal district courts of each state to designate the state law limitations period for personal injury actions as controlling in all section 1983 cases. This directive is complicated in Minnesota by the fact that under Minnesota law there are two statutes which apply to personal injury actions. Minn.Stat. § 541.05, subd. 1(5) specifies a six-year limitations period and

Minn.Stat. § 541.07(1) specifies a two-year limitations period.

In *Cook v. City of Minneapolis*, 617 F.Supp. 461 (D.Minn.1985) Chief Judge Alsop concluded that the two-year statute applies to section 1983 actions brought in Minnesota federal district court. Subsequently, other judges in this district have adopted this ruling. *See Jane Does 1–100 v. Hennepin County*, CIV. 3–83–468 (D.Minn. Jan. 30, 1986) (Magnuson, J.); *Arvidson v. City of Mankato*, 635 F.Supp. 112 (D.Minn.1986) (Murphy, J.); *Chris N. v. Burnsville*, 634 F.Supp. 1402 (D.Minn.1986) (MacLaughlin, J.). Accordingly, it is settled law in this district that the statute of limitations in a section 1983 action is two years.

### B. Retroactive Application of Wilson

■ The issue of retroactive application of *Wilson* is the subject of a recent decision of the Court in the case of *Chris N. v. Burnsville*, 634 F.Supp. 1402 (D.Minn. 1986). In *Chris N.* the Court ruled that section 1983 actions which accrued less than two years prior to the decision of the United States Court of Appeals for the Eighth Circuit in *Garmon v. Foust*, 668 F.2d 400 (8th Cir.1983) (en banc) and which were filed within a reasonable period of time following *Cook v. City of Minneapolis* are not subject to mechanical retroactive application of *Wilson*. The Court in *Chris N.* determined that prior Eighth Circuit decisions in *Wycoff v. Menke*, 773 F.2d 983 (8th Cir.1985); *Bolton v. Foreman*, 782 F.2d 1047 (8th Cir.1985), and *Farmer v. Cook*, 782 F.2d 780 (8th Cir.1986) do not establish a binding "law of the circuit" on the retroactivity issue, and that, turning to independent *Chevron Oil* analysis, section 1983 plaintiffs whose causes of action accrued less than two years prior to *Garmon*

1. The test of whether a decision is to be applied retroactively is well established. In *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the Supreme Court articulated a three-part test:
   First, did the new principle under consideration overrule "clear past precedent on which litigants may have relied" or "decid[e] an issue of first impression whose resolution was not clearly foreshadowed,"

second, in light of its "purpose and effect," will retroactive application of the rule in question "further or retard its operation," third, could retroactive application of the principle in question "produce substantial inequitable results" in individual cases....
   *See Wycoff v. Menke*, 773 F.2d 983, 986 (8th Cir.1985).

were justified in relying on *Garmon* in delaying suit, thus satisfying the threshold "reliance" requirement of *Chevron*. Here, plaintiff's cause of action accrued July, 1980. In reliance on pre-*Garmon* law plaintiff was justified in waiting two years to file suit. In the interim, the Eighth Circuit handed down its ruling in *Garmon*. Plaintiff was then justified in delaying an additional four years, in reliance on *Garmon*. Thus, the reliance interest asserted by plaintiff in this case is at least as great as the reliance interest asserted by Chris N., and the threshold requirement of *Chevron* has been met.[2]

As discussed extensively in *Chris N.*, because the section 1983 statute of limitations was uniform in this district pre-*Wilson*, retroactive application of *Wilson* would neither further nor retard the purposes of that decision. Thus, the second *Chevron* factor is inconclusive. The third *Chevron* factor, whether the retroactive application of *Wilson* will result in harsh, unjust, or inequitable results, quite clearly cuts against retroactivity. Retroactive application of *Wilson* where plaintiff relied on clear past precedent in delaying suit would be manifestly unjust.

The sole remaining issue is whether plaintiff filed suit within a reasonable period of time following *Cook*.[3] In *Chris N.* the Court found that a 56-day delay was not unreasonable. In *Shorters v. City of Chicago*, 617 F.Supp. 661 (N.D.Ill.1985) it was held that a 75-day delay was not unreasonable, and in *Wegrzyn v. Illinois Dept. of Children & Family Services*, 627

F.Supp. 636 (C.D.Ill.1986), it was held that a four-month delay was not unreasonable. Here, plaintiff delayed 89 days following *Cook* before filing suit. It cannot be said that an 89-day delay was unreasonable. Accordingly, the Court concludes that plaintiff's claim was filed within a reasonable period of time following *Cook*.

Accordingly, based on the foregoing, and upon all the files, records, and proceedings in this matter,

IT IS ORDERED that defendant's motion for summary judgment is denied.

---

2. This case is consistent with *Chris N.* and with *Cook*, cases in which plaintiffs' causes of action accrued within two years of *Garmon*, and in which *Wilson* accordingly was not given retroactive application. This case is distinguishable from (and thus not inconsistent with) *Wycoff, Bolton* and *Jane Does 1-100*, cases in which plaintiffs' causes of action accrued more than two years prior to *Garmon* and in which, accordingly, plaintiffs were unable to meet the threshold reliance requirement of *Chevron*. As stated in the *Chris N.* opinion:

Wycoff's cause of action accrued in 1977; Bolton's December 23, 1979. Thus, for each of these plaintiffs, the arguably applicable limitations period had run by the time the *Garmon* decision was handed down. These plaintiffs simply could not have pointed to

*Garmon* as justification for their delay. In contrast, Chris N. and the plaintiff in *Cook* could justifiably have relied on *Garmon* in deciding to delay suit. This is the key distinction.

*Chris N.*, 634 F.Supp. 1402, 1407 n. 9.

3. Defendant argues that a "reasonable period" for filing suit should commence with the date the *Wilson* decision was handed down (April 17, 1985), and should not be measured from the date of *Cook*. As discussed in *Chris N.*, the Court believes that *Cook* is the more appropriate date. Even assuming that the reasonable period measurement commences with the date of *Wilson*, the Court cannot conclude that plaintiff unreasonably delayed in filing suit.