28 F.3d 786
 Rolland Richard MOUSSEAUX, also known as Rolland Richard
Driver, Appellant,
v.
UNITED STATES of America; Commissioner of Indian Affairs;
Secretary of Department of Interior; Cora Jones,
Superintendent of Rosebud Agency, Bureau of Indian Affairs;
Woodrow Starr, Criminal Investigator, Bureau of Indian
Affairs, Rosebud Agency; Ronald Wilke, Captain, Bureau of
Indian Affairs Police, Rosebud Agency; Janelle Reynolds,
Tribal Judge; Sherman Marshall, Tribal Judge; Bob Brown,
Tribal Court Attorney; Virgil Hauf, Tribal Court Attorney;
Brenda Sitting Bear, Jailer; Rosebud Sioux Tribe; Dennis
Holmes, Assistant United States Attorney; Steve Guerue,
Bureau of Indian Affairs Police, Appellees.
 No. 92-3674.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 11, 1993.
Decided July 1, 1994.
 
 Wayne F. Gilbert, Rapid City, SD, argued, for appellant.
 Terry L. Pechota, Rapid City, SD, argued, for appellee.
 Before FAGG and WOLLMAN, Circuit Judges, and WRIGHT,* District Judge.
 WOLLMAN, Circuit Judge.
 
 
 1
 Rolland Richard Mousseaux appeals from the district court's[1] dismissal of his claims brought under 42 U.S.C. Sec. 1985(3) against numerous defendants. We affirm in part and remand for dismissal of the complaint as against those defendants who have not been served.
 
 
 2
 Mousseaux, who alleges that he is not an enrolled member of the Rosebud Sioux Tribe, was arrested by Bureau of Indian Affairs police officers on the Rosebud Indian Reservation on a tribal charge of assault on February 25, 1990, and was held in the Rosebud Tribal Jail in default of posting the required $500 bond until May 2, 1990, when he was arrested on an April 20, 1990, federal indictment charging him with assault with a dangerous weapon. (The tribal charges were dismissed on April 24, 1990.) Following his conviction and imprisonment on the federal charge, Mousseaux brought this pro se action against the United States, the Secretary of the Interior, the Commissioner of Indian Affairs, the Rosebud Sioux Tribe, and a number of named individual defendants, both tribal and federal. Mousseaux's original complaint alleged causes of action based upon some fifteen separate federal statutes. He filed an amended complaint alleging two additional statutory violations and naming two additional federal defendants. The district court analyzed each claim and dismissed the complaint. 806 F.Supp. 1433 (D.S.D.1992). On appeal, Mousseaux (now represented by counsel) asks that we remand this action so that he may proceed under 42 U.S.C. Sec. 1985(3).
 
 
 3
 The United States is not subject to suit under section 1985(3). Savage v. United States, 450 F.2d 449, 450 n. 1 (8th Cir.1971), aff'g 322 F.Supp. 33 (D.Minn.1971), cert. denied, 405 U.S. 1043, 92 S.Ct. 1327, 31 L.Ed.2d 585 (1972). Similarly, the Rosebud Sioux Tribe is protected by tribal immunity from such a suit. Means v. Wilson, 522 F.2d 833, 838 (8th Cir.1975), cert. denied, 424 U.S. 958, 96 S.Ct. 1436, 47 L.Ed.2d 364 (1976). We need not consider whether the Secretary of the Interior and the Commissioner of Indian Affairs are potential defendants, for Mousseaux has not alleged that they engaged in any conduct which would violate section 1985(3). Accordingly, the district court properly dismissed the section 1985(3) claims as against these defendants.
 
 
 4
 The individual tribal defendants argue that the action should have been dismissed as against them for lack of service of process. Likewise, the United States alleges that no service had been made upon the named individual federal defendants. In response to our questions at oral argument, Mousseaux's counsel responded that he could not tell us whether service had been made upon the individual defendants, tribal and federal. Our review of the record indicates that the individual defendants named in the original complaint were mailed a summons and a copy of the complaint. Apparently, none of the defendants acknowledged service, however, thus requiring personal service. Fed.R.Civ.P. 4(c)(2)(C)(ii).[2] None of these defendants was personally served, however. The two defendants named in the amended complaint also were not served. Accordingly, we remand the case to the district court with directions that the complaint be dismissed as against the named individual tribal and federal defendants for lack of service of process. As to the defendants who were served, the district court's judgment of dismissal is affirmed for the reasons set forth in this opinion.
 
 
 
 *
 The HONORABLE SUSAN WEBBER WRIGHT, United States District Judge for the Eastern District of Arkansas, sitting by designation
 
 
 [1]
 The Honorable Richard H. Battey, United States District Judge for the District of South Dakota
 
 
 [2]
 Rule 4 of the Federal Rules of Civil Procedure was extensively amended, effective December 1, 1993. Our citation is to Rule 4 as in effect on the date this action was commenced