**Maurice J. RHODES, Plaintiff,**

v.

**NORTHWESTERN BELL TELEPHONE COMPANY, Defendant.**

**Civ. No. 4–85–1487.**

United States District Court,
D. Minnesota,
Fourth Division.

Aug. 25, 1987.

---

Leonard, Street and Deinard, Byron E. Starns and Ann C. McGinley, Minneapolis, Minn., for plaintiff.

Mary Ferguson LaFave, Faegre & Benson, James M. Samples and Mary E. Stumo, Minneapolis, Minn., for defendant.

## MEMORANDUM ORDER AND OPINION

DIANA E. MURPHY, District Judge.

Maurice J. Rhodes brought this race discrimination action against his employer, Northerwestern Bell Telephone Company, alleging violations of 42 U.S.C. §§ 1981 and 2000e. Defendant moved, on statute of limitations grounds, to dismiss plaintiff's § 1981 action insofar as it relates to acts alleged to have occurred more than 300 days before the filing of the complaint. The court denied that motion and a subsequent motion to reconsider.

### I. Statute of Limitations After *Goodman*

Now before the court is defendant's motion for partial judgment on the pleadings in light of *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987).[1] Defendant seeks dismissal of plaintiff's § 1981 action insofar as it relates to acts alleged to have occurred more

than 2 years before the filing of the complaint.

In *Goodman*, the Supreme Court extended *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), to § 1981 actions. *Wilson* held that the state statute of limitations for personal injury claims should be borrowed to govern all § 1983 actions. The courts of this district have held that, under *Wilson*, Minnesota's two year statute of limitations for intentional torts applies to § 1983 actions. In *Goodman*, the Court held that § 1981 actions should also be governed by state personal injury limitations periods. The parties agree that, after *Goodman*, § 1981 actions arising in this state are also governed by a two year statute of limitations.

The parties disagree, however, about the significance for this case of another aspect of *Goodman*. The Supreme Court held that the two year statute of limitations should be applied retroactively to § 1981 cases that, like *Goodman*, arose in Pennsylvania. "The usual rule is that federal cases should be decided in accordance with the law existing at the time of the decision." *Goodman*, 107 S.Ct. at 2621 (citations omitted). Under *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed. 2d 296 (1971), however,

> a decision specifying the applicable state statute of limitations ... should not be applied retroactively [where] the decision overruled clear Circuit precedent on which the complaining party was entitled to rely, ... the new limitations period [is] occasioned by a change in the substantive law the purpose of which would not be served by retroactivity, and ... retroactive application would be inequitable.

*Goodman*, 107 S.Ct. at 2621. In *Goodman*, the focus was on the first of these three *Chevron* factors: whether there existed clear precedent on which the plaintiff was entitled to rely. "In 1973, when the complaint was filed in the *Goodman* case, there was no established precedent in the

---

1. Later in this opinion the court will turn to defendant's appeal from an order of United

States Magistrate Bernard P. Becker.

Third Circuit to indicate the appropriate limitations period for section 1981 claims." *Al–Khazraji v. St. Francis College,* 784 F.2d 505, 512 (3rd Cir.1986) (distinguishing *Goodman,* in which retroactive application was appropriate, from a subsequently filed suit, in which retroactive application was not appropriate), *aff'd,* 481 U.S. 604, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987). The key question is whether there has been "authoritative specification of which statute of limitations applied to an employee's § 1981 claim." *Goodman,* 107 S.Ct. at 2622.

In this circuit, the applicable limitations period for § 1983 has been more discussed than that for § 1981. Before Rhodes filed his case, the Court of Appeals for the Eighth Circuit had ruled that Minnesota's six-year statute of limitations for statutory liability should govern claims under § 1983. *Occhino v. United States,* 686 F.2d 1302 (8th Cir.1982), (following *Garmon v. Foust,* 668 F.2d 400 (8th Cir.) (en banc), *cert. denied,* 456 U.S. 998, 102 S.Ct. 2283, 73 L.Ed. 2d 1294 (1982). *See also Ridgway v. Wapello County,* 795 F.2d 646 (8th Cir.1986) (§ 1983 action not barred by applicable two year statute of limitations where plaintiff relied on the six year period specified in *Garmon* ). Although the *Garmon* case suggested that the same reasoning and the same statute of limitations could apply to other sections of the Civil Rights Act, 668 F.2d at 406 n. 12, the court explicitly limited its ruling to § 1983 cases. No decision has been cited to provide "authoritative specification" that the six year statute of limitations should apply to § 1981 actions. The *Chevron* test therefore works differently in this district for § 1981 actions. Defendant's motion for partial judgment on the pleadings should be granted in light of *Goodman v. Lukens Steel.*

## II.  Appeal from Discovery Order

On July 31, 1987, United States Magistrate Bernard P. Becker issued an order granting plaintiff's motion to compel discovery. He also ordered that plaintiff should submit an affidavit supporting his request for costs and fees and gave defendant time in which to respond. In addition, the Magistrate reset certain deadlines. De-

fendant appealed. Defendant argues that the Magistrate erred in ordering discovery and that an award of attorney's fees would be inappropriate because its objections to the scope of plaintiff's discovery were substantially justified. The court has carefully reviewed the Magistrate's order and materials submitted by both parties.

Defendant has not shown on its appeal that the Magistrate's order compelling discovery is clearly erroneous or contrary to law. It should therefore be affirmed. Since the Magistrate specifically noted on page 5 of his order that he had not yet ruled on plaintiff's entitlement to fees and costs, defendant should raise any objections it has before the Magistrate. His order relating to attorney's fees is not final. If his ruling is adverse to defendant, it can, of course, appeal from such an order.

Accordingly, based on the above and all the files, records, and proceedings herein, IT IS HEREBY ORDERED:

1.  that defendant's motion for partial judgment on the pleadings is granted, and plaintiff's § 1981 action is dismissed insofar as it alleges that defendant discriminated against him more than two years before he filed this litigation.

2.  that Magistrate Becker's order compelling discovery issued on July 31, 1987 is affirmed.