Robert BERG, Appellant,

v.

Paul L. GROSCHEN, Executive Director, Minnesota State Retirement System, et al., Respondents.

No. C6–88–1722.

Court of Appeals of Minnesota.

March 14, 1989.

William F. Messinger, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., and Merwin W. Peterson, Asst. Atty. Gen., St. Paul, for respondents.

Considered and decided by WOZNIAK, C.J., and FOLEY and FORSBERG, JJ., without oral argument.

## OPINION

FOLEY, Judge.

This appeal is from a judgment dismissing as untimely claims arising under 42 U.S.C.A. § 1983 (1981) and the due process clauses of the United States and Minnesota Constitutions. We reverse.

## FACTS

Appellant Robert Berg is a former state employee. On December 21, 1984, he appeared before respondent, Board of Directors of the Minnesota State Retirement System, seeking reversal of a prior Board decision terminating Berg's right to receive disability benefits. At the hearing, Berg explained the reasons why he felt he should be reinstated and answered questions of the Board. After meeting in executive session, the Board returned with their decision to deny Berg's request for reinstatement. Berg's appearance before the Board was not a Chapter 14, State Administrative Procedure Act hearing.

On March 25, 1988, over three years after the hearing, Berg brought a complaint against the Board and others, alleging that the hearing amounted to a violation of due process under the United States and Minnesota Constitutions. Berg also sought compensatory damages for the Board's alleged constitutional infringements under 42 U.S.C.A. § 1983. On May 26, 1988, the Board and others moved to dismiss Berg's complaint as untimely. The trial court granted the motion to dismiss on June 29, 1988, and this appeal followed.

## ISSUES

1. Did the trial court err in dismissing Berg's section 1983 claim?

2. Did the trial court err in dismissing Berg's state due process claim?

## ANALYSIS

1. In *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Supreme Court recognized the need to curtail litigation stemming from disagreements as to which limitations period is applicable for section 1983 claims. In order to facilitate uniformity and certainty, the Court directed each state to select the one most appropriate statute of limitations for all section 1983 claims. *Id.* at 275, 105 S.Ct. at 1946. Due to the nature of the section 1983 remedy, the *Wilson* Court suggested that the statute of limitations for personal injury actions provided the appropriate limitations period. *Id.* at 276–80, 105 S.Ct. at 1947–49.

*Wilson* simplified matters for states with only one limitations period for personal injuries. However, in Minnesota two statute of limitations govern personal injury actions. Minn.Stat. § 541.05, subd. 1(5) is a six-year statute covering "any other injury to the person or rights of another, not arising on contract, and not hereinafter enumerated." Minn.Stat. § 541.07(1) (1986), applicable to intentional tort actions, is a two-year statute for "libel, slander, assault, battery, false imprisonment, or other tort, resulting in personal injury."

The decision as to which statute would apply in section 1983 actions was made in *Cook v. City of Minneapolis*, 617 F.Supp. 461 (D.Minn.1985). There, the court characterized section 1983 claims as personal injury actions sounding in intentional tort and chose the two-year limitations period in Minn.Stat. § 541.07(1) as the applicable

limitations period for such claims. *Id.* at 464–65.

Fortunately for Berg, the Supreme Court has recently addressed the issue of what limitations period should apply to a section 1983 action where a state, such as Minnesota, has a statute of limitations for certain enumerated intentional torts and a residual statute for all other personal injury actions. In *Owens v. Okure,* —— U.S. —— 109 S.Ct. 573, 102 L.Ed.2d 594 (1989), the Court recognized that section 1983 claims often have no precise state analog and that applying the statute of limitations for a limited category of intentional torts is impractical and inconsistent with section 1983's broad scope. *Id.* at ——, 109 S.Ct. at 581. Even though section 1983 was a reaction to the wide spectrum of intentional torts being committed against blacks in the post-bellum South, the Court noted that section 1983 was not directed at the perpetrators of racial violence as much as the state officials who turned their backs to the situation. *Id.* at ——, 109 S.Ct. at 581 n. 11. Thus, the Court held that

> where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions.

*Id.* at ——, 109 S.Ct. at 582.

Under the Supreme Court's directive, we designate the six-year limitations period in Minn.Stat. § 541.05, subd. 1(5) as the applicable statutory limitations period for section 1983 claims.

2. The constitutional privileges and immunities protected by section 1983 include those secured by the due process clause of the fourteenth amendment. *Hague v. Committee for Industrial Organization,* 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939). In fact, the "unifying theme of the Civil Rights Act of 1871 is reflected in the language of the Fourteenth Amendment." *Wilson,* 471 U.S. at 277, 105 S.Ct. at 1947. The *Wilson* Court stated that "the Constitution's command is that * * * no *person* shall be deprived of life, liberty, or property without due process of law" and that "[a] violation of that command is an injury

to the individual rights of the person." *Id.* (emphasis in original). By labeling due process injuries as personal injuries, the *Wilson* Court was able to categorize section 1983 injuries as personal injuries through its recognition that section 1983 protects against due process infringements. *Owens* completes the analysis. Since the residual statute of limitations for personal injury actions applies to section 1983 claims, the six-year period in Minn.Stat. § 541.05, subd. 1(5) logically applies to Berg's due process claims.

### DECISION

Because Berg instituted his complaint within six years, we reverse the trial court's judgment dismissing his claims as untimely.

REVERSED.