Jeremiah C. SIMINGTON, Appellant,

v.

MINNESOTA VETERANS HOME, et al., Respondents.

No. C6–90–800.

Court of Appeals of Minnesota.

Dec. 24, 1990.

Review Denied March 15, 1991.

Quentin R. Wittrock, Daniel R. Shulman, Gray, Plant, Mooty, Mooty, & Bennett, P.A., Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., Merwin Peterson, Asst. Atty. Gen., St. Paul, for respondents.

Considered and decided by NORTON, P.J., RANDALL and CRIPPEN, JJ.

## OPINION

NORTON, Judge.

Appellant, Jeremiah C. Simington, sued respondents; Minnesota Veterans Home, William Gregg and Joanne Cash; for an allegedly discriminatory act that occurred in 1984. The trial court ruled appellant's claim was barred by the applicable two-year statute of limitations and entered summary judgment in favor of respondents. Later, the limitations period was changed to six years, and Simington moved the trial court for vacation of the summary judgment. The motion was denied, and this appeal followed. We affirm.

## FACTS

On April 3, 1987, appellant commenced an employment discrimination action

against his employer under 42 U.S.C. § 1983. In his complaint, appellant claimed a pattern of practice and policies denying equal employment opportunity and alleged discriminatory acts in 1984 and 1986. The trial court ruled that appellant had made a prima facie showing of discrimination for the 1984 act but not for the 1986 act; therefore, appellant had not shown pattern and practice. Applying the two-year statute of limitations applicable at that time to the single prima facie act of discrimination from 1984, the trial court ruled that appellant's claim was time barred. The trial court entered summary judgment for the employer on September 30, 1988. Appellant did not appeal from that judgment.

Section 1983 does not contain a statute of limitations. In *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Supreme Court held that state statutes of limitations for personal injury actions should be applied to § 1983 claims. *Id.* at 276, 105 S.Ct. at 1947. *Wilson* provided a clear directive to states with only one limitation period for personal injury actions. However many states, including Minnesota, have multiple statutes of limitations for personal injury actions.

Following *Wilson*, Minnesota courts applied the state's two-year statute of limitations for intentional torts. In January 1989, the United States Supreme Court held that in states with multiple statutes of limitations for personal injury claims, courts should apply the general or residual statute for personal injury claims to § 1983 actions. *Owens v. Okure*, 488 U.S. 235, 249–50, 109 S.Ct. 573, 582, 102 L.Ed.2d 594 (1989). Minnesota's residual limitations period for personal injury actions is six years. Minn.Stat. § 541.05, subd. 1(5) (1988).

In March 1989, this court applied the Supreme Court's *Owens* holding to a § 1983 claim in *Berg v. Groschen*, 437 N.W.2d 75 (Minn.App.1989), resulting in a change in the statute of limitations from two to six years. Appellant moved the trial court to vacate the judgment under Minn.R.Civ.P. 60.02(f). The trial court denied appellant's motion.

## ISSUE

Did the trial court abuse its discretion by denying Simington's motion to vacate the 1988 judgment?

## ANALYSIS

Simington moved for vacation of the summary judgment pursuant to Minn.R. Civ.P. 60.02(f). Rule 60.02(f) permits vacation of a judgment for any "reason justifying relief from the operation of the judgment" other than a reason specified in clauses (a) through (e). The motion must be "made within a reasonable time." *Id.* Relief under clause (f)

> requires a showing of "extraordinary circumstances," on the basis of a judicial balancing of the need for finality and the need to do justice in the individual case.

*Regents of the Univ. of Minn. v. Medical Inc.*, 405 N.W.2d 474, 481 (Minn.App.1987) (citing *Ackermann v. United States*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950)), *pet. for rev. denied* (Minn. July 15, 1987). The trial court has discretion to decide a motion to vacate a judgment and this court's "inquiry is limited to whether the trial court abused that discretion." *Nelson v. Siebert,* 428 N.W.2d 394, 395 (Minn. 1988). "Relief under this residual clause is appropriate when the equities weigh heavily in favor of the party seeking relief and relief is required to avoid an unconscionable result." *Hovelson v. U.S. Swim & Fitness, Inc.,* 450 N.W.2d 137, 142–43 (Minn.App.1990) (citations omitted), *pet. for rev. denied* (Minn. Mar. 16, 1990).

■ Summary judgment based on a statute of limitations is a decision on the merits and as res judicata, it bars relitigation of the same issue. *Nitz v. Nitz,* 456 N.W.2d 450, 452 (Minn.App.1990). Where judgment on the merits has been entered and not appealed, the judgment cannot be collaterally attacked by a rule 60 motion. *Zions First Nat'l Bank v. World of Fitness,* 280 N.W.2d 22, 25 (Minn.1979).

■ Appellant argues that a change in the statute of limitations is an extraordinary circumstance that justifies vacating judgment under rule 60.02(f). He relies on

*Polites v. United States*, 364 U.S. 426, 81 S.Ct. 202, 5 L.Ed.2d 173 (1960). In *Polites*, an appellant, on the advice of his attorney, dismissed his appeal based on unfavorable decisions of the circuit court of appeals. Later, appellant sought relief from judgment under Fed.R.Civ.P. 60(b)(6), the federal equivalent to rule 60.02(f), arguing that subsequent Supreme Court decisions were controlling and had reversed the cases he relied on when deciding to dismiss his appeal. *Id.* at 430–31, 81 S.Ct. at 205. The trial court denied the appellant's motion to vacate relying in part on *Ackermann v. United States*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950). The trial court interpreted *Ackermann* to mean that when a movant voluntarily abandons an appeal, Rule 60(b) relief is not available based on a later change in the applicable law. *Id.* 364 U.S. at 431, 81 S.Ct. at 206. The Supreme Court said:

> Despite the relevant and persuasive force of Ackermann, however, we need not go so far here as to decide that when an appeal has been abandoned or not taken because of a clearly applicable adverse rule of law, relief under Rule 60(b) is inflexibly to be withheld when there has later been a clear and authoritative change in governing law.

*Id.* at 433, 81 S.Ct. at 206. The court went on to hold that the decisions that the appellant relied on had not altered the law controlling his case and denied relief under rule 60. *Id.* at 437, 81 S.Ct. at 209.

Although the Supreme Court left open a window of possibility for rule 60 relief under circumstances similar to those presented here, the trial court's refusal to grant relief was not an abuse of discretion. The trial court noted that appellant chose not to rely on rule 60.02(e) which is intended to provide relief when a prior judgment upon which the judgment was based has been reversed or otherwise vacated. The court noted further that the federal equivalent to 60.02(e) does not provide relief merely because a case relied on as precedent by a court rendering its judgment has since been reversed, and cited appropriate federal cases. The court ruled that since appellant could not succeed under rule 60.02(e),

he should not be allowed to proceed under (f), the residual clause reserved for extraordinary situations.

A change in a statute of limitations is not necessarily an extraordinary circumstance; instead, it is fairly common. Appellant cites no cases where a change in the law was the basis for vacating an unappealed judgment under Minn.R.Civ.P. 60.02(f) or Fed.R.Civ.P. 60(b)(6). The equities in this case do not weigh heavily in favor of appellant and the trial court did not abuse its discretion in favoring judicial finality.

## DECISION

We hold that the trial court did not abuse its discretion by refusing to vacate the judgment.

Affirmed.