Eric **RODRIGUEZ**, et al., Plaintiffs,

v.

George E. **PATAKI**, et al., Defendants.

No. 02 CIV. 618, 02 CIV. 3239.

United States District Court,
S.D. New York.

Sept. 23, 2003.

Richard D. Emery, Emery Celli Cuti Brinckerhoff & Abady, P.C., New York, NY, for Plaintiffs.

Joan P. Gibbs, Rivers, Mealy, Cransnow & Bradford, Brooklyn, NY, for Plaintiff-Intervenors.

Michael Carvin, Jones, Day, Reavis & Pogue, Washington, DC, for Def. Bruno.

C. Daniel Cuill, Graubard Miller, New York, NY, for Def. Silver.

## ORDER

BERMAN, District Judge.

### I. Background

The Court has received objections to written and oral discovery orders issued by Magistrate Judge Maas between September 3, 2003 and September 11, 2003 ("Magistrate Judge Maas's Orders"). (*See* "Objections of Defendant Senator Joseph L. Bruno to the Decision and Order of Magistrate Judge Maas Dated September 10, 2003" ("Def. Obj.") and "Plaintiffs' Objections to the Privilege Rulings of Magistrate Judge Frank Maas and Requests for Rulings on Unresolved Issues" ("Pl. Obj."), each dated September 17, 2003.) The Court has also received "Senator Bruno's Response to Plaintiffs' September 17, 2003 Objections" and "Plaintiffs' Response to Senator Bruno's Objections to the Privilege Rulings of Magistrate Judge Frank Maas" ("Pl. Response"), each dated September 18, 2003.

### II. Standard of Review and Analysis

■ The Court has reviewed Magistrate Judge Maas's Orders and the parties' submissions and concludes that the Orders are neither clearly erroneous nor contrary to law. Fed.R.Civ.P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A); *Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 900 F.2d 522, 525 (2d Cir.1990); *see also Weiss v. La Suisse,* 161 F.Supp.2d 305, 321 (S.D.N.Y.2001) ("A magistrate judge's resolution of discovery disputes deserves substantial deference."); *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.,* 124 F.R.D. 75, 77 (S.D.N.Y. 1989) (" '[I]n resolving discovery disputes, the Magistrate is afforded broad discre-

tion, which will be overruled only if abused.'").

■ The Court denies Plaintiffs' and Defendant's requests contained in their objections for rulings on issues not addressed by Magistrate Judge Maas. The Court has referred all discovery disputes in this case to Magistrate Judge Maas and he is in the best position to review them in the first instance. (*See* Order of Reference to a Magistrate Judge, dated Dec. 3, 2002); *see also AML Int'l Ltd. v. Orion Pictures Corp.*, 89 Civ.2048, 1990 WL 364469, at *6 (S.D.N.Y. Feb.20, 1990) ("[Defendant] points out that Magistrate Lee has not yet ruled upon [defendant's] objections to that document request, and the court agrees with [defendant] that [plaintiff's] attempt to raise the issue ... is inappropriate."); *Rhodes v. Northwestern Bell Tel. Co.*, 709 F.Supp. 162, 164 (D.Minn.1987) ("Since the Magistrate specifically noted on page 5 of his order that he had not yet ruled on plaintiffs' entitlement to fees and costs, defendant should raise any objections it has before the Magistrate. His order relating to attorney's fees is not final. If his ruling is adverse to defendant, it can, of course, appeal from such an order.").

■ In their submissions, the parties make several references to extending the discovery schedule. (*See, e.g.,* Def. Obj. at 7; *id.* at 16 n. 5; Pl. Obj. at 14; Pl. Response at 4 ("[T]hrough no fault of Plaintiffs, the discovery deadline is now upon us.").) The discovery deadline, which the Court has extended twice, is of the parties' own making and remains September 26, 2003. (*See* July 7, 2003 Order ("[T]he Court extends the discovery deadline two weeks to September 19, 2003."); Aug. 19, 2003 Order ("[T]he Court extends the discovery deadline to September 26, 2003.").) The Court again reminds the parties that, at the December 30, 2002 conference, the Court urged the parties not to delay discovery while motion(s) to dismiss were being briefed, cautioning that the parties "might, on the back end start to be bumping up against deadlines and all of a sudden be in a crunch timewise." (Dec. 30, 2002 Tr. at 13.) The parties demurred and elected to postpone discovery. (*Id.* at 12 ("I think we have all agreed that discovery would best be put off until the case is either narrowed or not narrowed ... depending on how the Court rules on the issues ... raised by the defendants on the motions to dismiss.").)

## III. Order

For the reasons stated herein, the Court affirms Magistrate Judge Maas's Orders.

The parties may need to adopt a more cooperative (with one another) and economical and flexible approach vis-a-vis summary judgment and trial of this case both of which are expected to be completed during November/December 2003.